IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 25, 2002

## STATE OF TENNESSEE v. NELSON KEITH FOSTER

**Appeal from the Criminal Court for Sullivan County**
**No. S41, 577      R. Jerry Beck, Judge**

**No. E2002-00323-CCA-R3-CD**
**October 15, 2002**

The Defendant, Nelson Keith Foster, pled guilty to and was convicted of violating a motor vehicle habitual offender order. The Defendant was subsequently sentenced to three years, to be served on probation. The Defendant appealed to this Court from the trial court's denial of his motion to withdraw his guilty plea. See State v. Nelson Keith Foster, No. E2001-01259-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 172 (Knoxville, Mar. 7, 2002). Pending the Defendant's appeal, he twice violated the terms of his probation. Still pending the outcome of the Defendant's appeal, the trial court revoked the Defendant's probation. The Defendant now appeals the trial court's revocation of his probation. We reverse the trial court's order revoking the Defendant's probation and remand this matter for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court**
**Reversed and Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Mark Toohey, Kingsport, Tennessee, for the appellant, Nelson Keith Foster.

Paul Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Greeley Wells, District Attorney General; and Joseph E. Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The trial court revoked the Defendant's probation following his admission that he used marijuana on two occasions subsequent to being sentenced and prior to completing his probationary period. The order revoking probation was entered January 11, 2002. In this direct appeal, the Defendant contends that the trial court did not have jurisdiction to revoke his probation because his direct appeal from his conviction was pending in this Court at the time the revocation proceedings took place. The State does not address the Defendant's contention on the merits, instead alleging

that he has waived this issue by failing to include proof of his prior appeal in the record before us.

Although the State is correct in pointing out that the Defendant has failed to include in the record before us a copy of his notice of appeal from his conviction in this matter, this Court's opinion addressing the appeal is ample proof that the Defendant's direct appeal from his conviction was, indeed, pending before this Court during the revocation proceedings. See State v. Nelson Keith Foster, No. E2001-01259-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 172 (Knoxville, Mar. 7, 2002), perm. appeal dismissed (Tenn. 2002). Accordingly, we will address the Defendant's contention on the merits.

As this Court has previously noted, the jurisdiction of this Court attaches upon the filing of the notice of appeal and the trial court therefore loses jurisdiction to revoke probation during the pendency of the appeal. See State v. Patricia Adkisson, Nos. M2000-01079-CCA-R3-CD, M2000-02319-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 832, at *30-32 (Nashville, Oct. 12, 2001). Given the March 7, 2002 filing date of this Court's opinion disposing of the Defendant's direct appeal of his conviction, it is obvious that the appeal was pending before this Court on January 11, 2002; accordingly, the trial court did not have jurisdiction to revoke the Defendant's probation at that time. Id. We therefore reverse the trial court's order of revocation. However, the Defendant's appeal was not successful and his conviction and sentence have now become final. Accordingly, the revocation proceedings may now proceed. See id., 2001 Tenn. Crim. App. LEXIS 832, at *32 (holding that, after completion of a direct appeal and return of jurisdiction to the trial court, a trial court may appropriately consider a probation revocation warrant based on a criminal offense committed during the appeal).

The judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.

_____
DAVID H. WELLES, JUDGE